IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

CHARLES R. WRIGHT,

        Plaintiff,

v.                                                                         Civil Action No. 3:13-cv-451

CARFAX, INC.,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on CarFax's Motion to Partially Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dk. No. 3.) The plaintiff, Charles Wright, seeks relief under the Age Discrimination and Employment Act ("ADEA") on three bases: disparate treatment, failure to promote, and retaliation. The defendant, Carfax, Inc., has moved to dismiss Wright's failure to promote and retaliation claims, asserting that Wright failed to exhaust administrative remedies for either claim.

The Court dismisses Wright's retaliation claim because the allegations contained in his charge to the Equal Employment Opportunity Commission ("EEOC") do not reasonably relate to a retaliation claim. Consequently, Wright failed to exhaust all administrative remedies. In contrast, Wright's failure to promote claim does bear a reasonable relation to the allegations in his charge. Accordingly, the Court denies the motion to dismiss his failure to promote claim. That said, due to the ADEA's statute of limitations, Wright's failure to promote claims will be limited to a certain time frame, as discussed below.

## I. Statement of the Facts

The following facts come from the plaintiffs' complaint and will be construed in the light most favorable to Wright, in keeping with the appropriate motion to dismiss standard. In September 2008, Wright began working at Carfax's Centreville, VA location as an Account Executive in the Inside Sales Department. At the time, Wright was 62 years old and the oldest sales employee at the Centreville location. Wright was an experienced salesperson before coming to work at Carfax. During his employment there, he was consistently one of Carfax's top earners, and he received high marks from his superiors. In November 2009, Wright applied to become a National Account Manager within Carfax's Outside Sales division. Although the hiring manager called Wright highly qualified for the position, Carfax eventually hired a younger candidate.

Several months after being turned down for the National Account Manager position, Wright asked Tim Curtain, one of his superiors at Carfax, whether his age had been a factor in the position going to another candidate. This inquiry subsequently caused a rift between Wright and Brian Tercero, his direct supervisor. Shortly thereafter, Tercero began "a campaign of unwarranted criticisms of [Wright's] performance." (Dk. No. 1, at ¶ 29.) Tercero specifically accused Wright of not following company sales procedures by failing to record, in the company system, every call he made to clients, a practice Wright claims was commonplace.

In spring 2011, Wright again applied for a new position with Carfax as a Senior Account Executive in the Business Development Department. This position also went to a "significantly younger" candidate. (Dk. No. 1, at ¶ 31.) After his rejection, Wright spoke with several people about why he did not get the new position. Justin Johnson, a hiring manager for CarFax, told Wright that Tercero had purposely prevented him from obtaining the position. Wright later

spoke with Katrina Finfrock, a recruiter within Carfax's Human Resources division. Wright asked Finfrock whether Carfax had rejected him for the Senior Account Executive position due to his age. Finfrock denied the accusation, although Wright characterizes her demeanor as meek, noting that she responded while "glanc[ing] at the floor. (Dk. No. 1, at ¶ 35.)

After Wright's conversation with Finfrock, CarFax began advertising for a Sales Representative position in the Inside Sales Department, Wright's position at the time. In September, 2011, Wright approached Tercero and asked him whether he would accept referrals for the open position. Tercero responded that he would only take referrals for candidates "in their twenties," although he later claimed to be joking. (Dk. No. 1, at ¶ 38.) Days after this conversation, on September 19, 2011, Carfax terminated Wright's employment.

On December 16, 2011, Wright filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that CarFax had violated the ADEA. (Dk. No. 7, Ex. A, at pg. 2) In his charge, Wright checked only the box alleging "Age" discrimination by CarFax. He did not check the box labeled "Retaliation." After investigating the claim, the EEOC issued Wright a "Notice of the Right to Sue" on April 30, 2013. (Dk. No. 7, Ex. A.) Wright subsequently filed suit in this Court on July 15, 2013, alleging violations of the ADEA for disparate treatment, discriminatory failure to promote, and retaliation.

## II. Standard of Review

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant disputes the truth of the jurisdictional facts in the complaint, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States,* 926 F.Supp. 537, 540 (E.D.Va.

1995) (quoting *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams v. Bain,* 697 F.2d, 1213, 1219 (4th Cir. 1982). Consideration of evidence outside the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). The plaintiff always bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

### III. Discussion

Before filing suit under the ADEA, "a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat. Bank,* 202 F.3d 234, 247 (4th Cir. 2000).[1] Once a plaintiff has exhausted his administrative remedies, the administrative framework "plays a substantial role in focusing the formal litigation it precedes." *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir. 2005). The EEOC charge "limit[s] the scope of any subsequent judicial complaint." *Id.* (citing *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962–63 (4th Cir. 1996)). Federal courts lack subject matter jurisdiction over any claim for which the plaintiff has not exhausted administrative remedies. *Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 301 (4th Cir. 2009).

The exhaustion requirement ensures that the employer has notice of the alleged violations. *Miles v. Dell, Inc.,* 429 F.3d 480, 491 (4th Cir. 2005) (citing *EEOC v. American Nat'l Bank,* 652 F.2d 1176, 1186 (4th Cir. 1981)). This helps facilitate the resolution of such matters

---

[1] While *First Union* relates to the exhaustion requirement for Title VII claims, the ADEA "requires exhaustion of nearly identical administrative remedies" and the 4th Circuit routinely interprets their provisions uniformly. *Miles v. Goldschmidt Chemical Corp.,* No. 3:07CV44-HEH, 2007 WL 2973242, at *3 (E.D. Va. October 9, 2007) (citing *E.E.O.C. v. Commercial Office Products, Co.,* 486 U.S. 107, 123 (1988) (Title VII and ADEA filing provisions are "virtually in haec verba")); *see also Puryear v. Cty. of Roanoke,* 214 F.3d 514, 517 n. 1 (4th Cir. 2000) ("For simplicity, our analysis is based on Title VII's provisions. However, the analysis is equally applicable to ADEA charges").

4

out of court if possible. *Id.* The "touchstone for exhaustion is whether plaintiff's administrative and judicial claims are 'reasonably related.'" *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 595 (4th Cir. 2012) (quoting *First Union*, 202 F.3d at 247). The plaintiff may advance claims in his subsequent civil suit so long as a reasonable relation exists between the claims in his judicial complaint and his EEOC charge, which can be expected to follow from a "reasonable administrative investigation." *First Union*, 202 F.3d at 247-48 (citing *Chisolm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

When determining relatedness, courts pay close attention to the legal and factual bases underlying the plaintiffs' individual claims. A reasonable relation does not typically exist between different types of discrimination claims. For example, the plaintiff may not solely allege a failure to promote in the EEOC charge and then add a claim of discrimination in pay and benefits in the complaint. *See Evans*, 80 F.3d at 962-63 (citing *Lawson v. Burlington Indus., Inc.*, 683 F.2d 862, 863–64 (4th Cir. 1982)) (claim of discriminatory failure to rehire barred because EEOC charge only alleged wrongful termination). *See also Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (color and sex discrimination claims did not reasonably relate to the sole claim of race discrimination in the plaintiff's charge); *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) (Title VII retaliation claim barred when administrative charges alleged only age discrimination).

### A. Failure to Promote

Under the ADEA, a discriminatory failure to promote is a discrete act, requiring administrative exhaustion. *Malghan v. Evans*, 118 Fed Appx. 731, 734 (4th Cir. 2004) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002)). The time to file a claim alleging a discrete discriminatory act begins running on the day it occurs. *Morgan*, 536 U.S. at

113. Failure to promote claims "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* Under the ADEA, the plaintiff must file a charge with the EEOC within 300 days of the alleged violation and must file suit in court within sixty days of receiving a right-to-sue letter. 29 U.S.C. § 626(d). Because a civil action instituted pursuant to a right-to-sue letter must conform to the claims stated in the EEOC charge, a plaintiff cannot rely on discrete events that occurred outside the 300-day statute of limitations to establish liability.

Wright filed a charge with the EEOC on December 16, 2011. (Dk. No. 7, Ex. B at pg. 5.) Wright, therefore, cannot rely on incidents that occurred before February 19, 2011 (300 days prior to his filing a charge with the EEOC) to form the basis of his discrimination claim. Thus, Wright cannot base a claim on Carfax's failure to promote him to National Account Representative in 2009. To the extent the complaint seeks relief for the 2009 failure to promote, the Court dismisses the claim.

Wright can, however, use those incidents as background evidence tending to prove discriminatory actions within the 300-day window. *Evans,* 80 F.3d at 962–63 ("[T]he district court ruled properly, recognizing that while the later [time-barred] allegations cannot stand as separate charges of discrimination for which TAS may be liable, they might be admissible as evidence at trial to support [the plaintiff's] properly asserted sex discrimination claim[]") (citing *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558 (1977)). Wright's application in early 2011 to be a Senior Account Executive in the Business Development Department represents the only act, falling within the 300-day deadline, which could plausibly state a failure to promote claim. (Dk. No. 1, at ¶ 30.) On this claim, the Court finds that Wright has stated sufficient information to overcome a motion to dismiss.

Contrary to Carfax's argument, Wright raised the 2011 failure to promote in his charge. While the administrative charge acts as a jurisdictional limitation on the claims a plaintiff may bring, the charge "does not *strictly* limit [the] suit which may follow" *Sydnor*, 681 F.3d at 594 (quoting *Miles*, 429 F.3d at 491) (internal quotations omitted) (emphasis added). Rather, the plaintiff may advance a claim in litigation so long as there is a reasonable relation with the claims made in his EEOC charge. *Id.* Claims reasonably related to the allegations in the charge may proceed. The claim's relatedness depends heavily upon the factual allegations made in both the charge and complaint. Claims that refer to "different time frames, actors, and discriminatory conduct" than the allegations in the charge should be dismissed as not reasonably related. *Id.* at 593 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).

The factual allegations underlying Wright's failure to promote claim bear a reasonable relation to his charge. His claim involves the same actors, and revolves around the same time-period, as the allegations in his charge. In asserting a failure to promote claim, Wright alleges that the age discrimination stemmed primarily from his supervisor, Tercero, who allegedly prevented him from obtaining the Senior Account Executive position, and made several discriminatory comments. This corresponds with Wright's charge, where he stated that he "had been prevented from getting [the Senior Account Executive] position by Brian Tercero." (Dk. No. 7, Ex. A, at pg. 2.)

Furthermore, the time-period for Wright's failure to promote claim similarly remains the same. The charge limits itself to his application for the Senior Account Executive position in 2011. Although Wright expands his complaint to discuss events that occurred throughout his two-year employment at Carfax, his transfer request in 2011 still forms the basis of his failure to promote claim. The conversations with Finfrock and Curtain, which Wright adds in his

complaint, do not drastically alter the scope of the complaint. Instead, they provide background information, which lends context to Wright's failure to promote claim. The basis of Wright's complaint, like his charge, remains Tercero's actions and statements. Thus, Wright's failure to promote claim reasonably relates to his charge. Accordingly, the Court denies CarFax's motion to dismiss Count I as to the 2011 failure to promote claim.[2]

## B. Retaliation

Retaliation claims, unlike other claims under the ADEA, generally do not need to be administratively exhausted before they can be brought in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). This exception does not apply when, as in the instant case, the alleged retaliation occurred before the plaintiff filed an administrative complaint. *Wilson v. Dimario*, No. 97–2252, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998); *Keegan v. Dalton*, 899 F.Supp. 1503, 1511 (E.D.Va. 1995).[3] Consequently, before bringing his retaliation claim in federal court, Wright needed to exhaust his administrative remedies.

CarFax claims that, by neither checking the "Retaliation" box nor mentioning any facts of retaliation in his EEOC charge, Wright failed to exhaust administrative remedies for his retaliation claim. An attorney usually does not compose the charge submitted to the EEOC. As a result, most charges "are not so strictly construed that a failure to check the 'Retaliation' box on the EEOC charge form is necessarily fatal to the later assertion of a retaliation claim." *Stoneman v. ASR Restoration, Inc.*, No. 3:11CV855, 2012 WL 1656510, at *6 (E.D. Va. 2012) (quoting *Williams v. Mancom, Inc.*, 323 F.Supp.2d 693, 695 n. 2 (E.D. Va. 2004). The boxes the

---

[2] Wright also raises a discrimination claim based on his termination. The parties agree that the Court has jurisdiction over the termination claim.

[3] Wright claims that the defendant retaliated against him for "approach[ing] management and employees in the Human Resources Department and ask[ing] if he had been denied a promotion because of his age." (Dk. No. 1, at ¶ 62.) Despite its tenuous nature, the Court will consider the plaintiff's retaliation allegation sufficient for this motion.

plaintiff checks on his charge form, however, are an important consideration for determining whether he has exhausted all of his administrative remedies. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (the plaintiff did not exhaust administrative remedies for her discrimination claim when she only checked the "Retaliation" box on her charge); *Miles*, 429 F.3d at 492 (the plaintiff did not exhaust her administrative remedies because she "did not check the retaliation box ... [and] her charge made no mention of retaliation"); *Mancom*, 323 F.Supp.2d at 694-95. Wright, in contrast to most plaintiffs, had the assistance of counsel in preparing his EEOC charge. In other cases, this fact alone has caused courts to find that the plaintiff did not exhaust administrative remedies on the unchecked claim. *See Calvert Group*, 551 F.3d at 301 (no exhaustion of administrative remedies for the plaintiff's age discrimination claim when she only checked the "Retaliation" box on her charge form); *Stoneman*, 2012 WL 1656510, at *7. Beyond simply neglecting to check the "Retaliation" box, however, Wright also failed to raise anything remotely resembling a claim for retaliation in his charge to the EEOC. He did not directly describe taking any actions that would generally provoke retaliatory action, and he does not even use the word "retaliate" or any of its forms.

Wright relies on *Coles v. Carilion Clinic*, 894 F.Supp.2d 783 (W.D. Va. 2012), to show that he, in fact, did exhaust all of his administrative remedies. *Coles* separated the Fourth Circuit's exhaustion cases into several different groups in an attempt to distinguish them. *Id.* at 789-90. *Coles* first differentiated between cases where the initial administrative charge and the subsequent judicial complaint make different claims and cases where the charge and complaint rely on different facts to make the same claim. *Id. Coles* further split the latter group between cases where (1) the charge and complaint rely on different material factual allegations; and (2) the facts in the complaint, while dissimilar, bear a reasonable relation so that the charge provided

"adequate notice ... of the factual basis of the claim." *Id.* at 790. Wright asserts that this case falls within the latter sub-group of cases and that his charge and complaint, consequently, bear a reasonable relation to each other. Wright's contention, however, is misplaced.

Wright erroneously argues that his retaliation claim reasonably relates to the disparate treatment claim in his charge because they share the same main factual allegations, and both arise under the ADEA. (Dk. No. 8, at 10.) His argument, however, overlooks the fact that retaliation and disparate treatment are two separate claims, making his inclusion of this case within *Coles'* second group inapt. Courts do not define "claim" so broadly as to encompass every claim arising under a particular statute. For example, *Coles* held that the plaintiff's discrimination claims did not bear a reasonable relation because they were based on different discriminatory motives. 894 F.Supp.2d at 793 (dismissing the plaintiff's gender-based retaliation claim because it did not reasonably relate to the disability-based retaliation claim in his charge) (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005); *See also Lucas v. Henrico Cnty. Sch. Bd.*, 822 F.Supp.2d 589, 601-02 (E.D. Va. 2011)). Hence, the retaliation claim made in Wright's complaint does not reasonably relate to the claims made in his charge. Therefore, the Court will grant CarFax's motion to dismiss Count II of Wright's Complaint.

### IV. Conclusion

For the reasons set forth above, the Court grants CarFax's motion to dismiss in part and denies the motion in part.

The Court shall enter an appropriate order.

Date: <u>December 3, 2013</u>
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge